**SIGNED.**

**Dated: March 05, 2010**



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| HENRY M GALLARDO and ANNETTE M GALLARDO, | ) | No. 4:-09-bk-8977-JMM |
| | ) | |
| | ) | Adversary No. 4:09-ap-01155-JMM |
| Debtors. | ) | |
| | ) | |
| HENRY M GALLARDO and ANNETTE M GALLARDO, | ) | **MEMORANDUM DECISION RE:** |
| | ) | |
| | ) | **PARTIAL RULING ON DEFENDANTS'** |
| Plaintiffs, | ) | |
| vs. | ) | **MOTION TO DISMISS** |
| | ) | |
| WELLS FARGO BANK NA; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

The Defendants in this action have filed a motion to dismiss, pursuant to FED. R. CIV. P. 8 and 12 (DN 23).

A review of the pleadings in the entire file reflects that Plaintiffs' causes of action, boiled to their essence are:

1.  That the assignment of the Note destroyed Defendants' security interest or was invalid;

2.  That the original note must be produced to proceed with foreclosure;

3.  That endorsements on the Note are somehow invalid;

1      4.      That a loan servicer may not seek relief from the automatic stay;

2      5.      That Defendants failed to join all necessary parties under FED. R. CIV.

3              P. 19(a); and

4      6.      That Defendants violated the Truth in Lending Act ("TILA"), the Real

5              Estate Settlement Procedures Act ("RESPA") and the Home Ownership

6              and Equity Protection Act ("HOEPA")

7

8      In order to address some of these issues, the following undisputed facts are material.

9

10     A.      The Plaintiffs borrowed money, to purchase a home, on December 22,

11             2005 (Ex. A to motion to dismiss).

12     B.      The Plaintiffs secured the obligation with a deed of trust on their

13             residence (Ex. B to motion to dismiss).

14     C.      The first payment under the promissory note was to have been made on

15             February 1, 2006 (Ex. A to motion to dismiss).

16

17                            **TILA, HOEPA AND RESPA**

18

19     TILA, HOEPA and RESPA claims all have a one-year statute of limitations. The

20 Plaintiffs nowhere disagreed, in their responsive pleadings, with such point of law. Accordingly,

21 the motion to dismiss on those counts, claims or contentions, will be GRANTED, as that limitation

22 period began on December 22, 2005, and the right to bring such actions ended one year later.

23

24                                    **RULE 19**

25

26     FED. R. CIV. P. 19 does not confer a substantive right to relief. It is merely a

27 procedural rule which relates to litigation. As Rule 19, by itself, does not state an affirmative legal

28 claim for relief, it too will be DISMISSED.

1    This decision only partially disposes of the motion to dismiss.  The balance of the

2    allegations in the motion will be discussed in a separate Memorandum Decision.

3

4                          DATED AND SIGNED ABOVE.

5

6    COPIES to be sent by the Bankruptcy Notification
     Center ("BNC") to all parties to this adversary proceeding
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28